# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DION DARREN HALL,

           Plaintiff,

      v.                                          Case No. 15-CV-291

MILWAUKEE COUNTY JAIL
FACILITY AND STAFF,

           Defendants.

# ORDER

Plaintiff Dion Darren Hall, currently held at the Dodge County Detention Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging the Milwaukee County Jail illegally detained him for six days. The matter comes before the court on Hall's motion for leave to proceed *in forma pauperis*, Hall's motion for release of his Prisoner Trust Account Statement, and for screening of Hall's complaint.

Hall has been assessed and paid an initial partial filing fee of $3.00. The court will grant Hall's motion for leave to proceed *in forma pauperis*.

The court will deny Hall's motion regarding the release of his Prisoner Trust Account Statement. (ECF No. 6.) Hall's account statement was provided to the court on April 9, 2015 (ECF No. 7), rendering his motion moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Complaint's Allegations

Hall is currently being held at the Dodge County Detention Facility; however, his complaint focuses on Milwaukee County Jail's unlawful detention of Hall in November 2014. He is suing Milwaukee County Jail and its staff.

According to the complaint, the defendants misused federal detainer I-247 to unlawfully detain Hall from November 13, 2014, through November 19, 2014, in order to provide the district attorney's office with an opportunity to charge Hall with an unspecified crime. (In a separate letter to the court, Hall states he was arrested on November 5, 2014, and held without release "despite R.I.O. on 11/13/14, evident to D.A." Hall does not explain in his complaint or letter whether his arrest was pursuant to a warrant, what the acronym "R.I.O." stands for, or whether he had any hearings/appearances before a court during the November 5 to November 19 time frame. (ECF No. 5.))

Hall alleges that, despite filing numerous complaints and grievances challenging the basis for his detainment (including requesting a copy of the federal detainer pursuant to which he was allegedly held), the Milwaukee County Jail and staff made no effort to address his concerns. Hall claims he suffered two mental breakdowns and was admitted to Mendota Mental Complex in Madison, Wisconsin as a direct consequence of the resulting stress.

4

For relief, Hall seeks to have an independent contractor appointed to oversee "regulations [and] stipulations of Federal, State or any other form of detainment that may be imposed on any [individual] beyond instituted time of release . . . ." (Compl. at 5, ECF No. 1.)

Discussion

Hall's complaint suffers from two significant deficiencies which require that the court dismiss his complaint without prejudice: 1) Hall does not state a claim against a suable defendant; and 2) Hall lacks standing to request the relief he seeks. The court will give Hall an opportunity to amend his complaint should he so choose.

With regard to the named defendant, Hall has sued the "Milwaukee County Jail Facility and Staff." Hall cannot state a claim against the Milwaukee County Jail because it is not a suable entity under § 1983. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F.Supp.2d 675, 678 (E.D. Wis. 1999) (citing cases). In addition, Hall's claim against the "staff" fails to specify the personal involvement of individuals in his claim. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (clarifying that ". . . public employees are responsible for their own misdeeds but not for anyone else's"); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (holding that, "Only persons that cause or participate in the violations are responsible."). Hall must name as defendants the specific individuals involved in his claim and he must specify how each was personally involved.

With regard to the requested injunctive relief, Hall has asked that the court appoint an independent contractor to oversee the detainment of individuals. Hall lacks standing to pursue such relief. Generally, a plaintiff lacks standing to pursue injunctive relief when only a past harm is alleged. *See Schirmer v. Nagode*, 621 F.3d 581, 585-86 (7th Cir. 2010) (holding that a plaintiff "must demonstrate standing for each form of relief sought" and that past prosecution for violation of law was insufficient in and of itself to establish standing to request injunctive relief); *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself present a case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."). Hall has not alleged that he was unlawfully detained beyond November 19, 2014, nor is Hall currently incarcerated at the Milwaukee County Jail (ECF No. 8). Thus, Hall lacks standing to pursue injunctive relief. If Hall does not desire any relief other than injunctive relief, he should not proceed with an amended complaint.

Should Hall choose to pursue other relief, he must file an amended complaint curing the deficiencies in the original complaint. The court also encourages Hall to include additional details supporting his claim(s), such as whether his arrest was pursuant to a warrant, whether/when a probable cause determination occurred, and the substance/application of the I-247 detainer to which he vaguely refers. Hall is advised that the amended complaint must bear the docket number assigned to this case and

must be labeled "Amended Complaint." The amended complaint will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Should Hall desire to file an amended complaint, he must do so on or before **Monday, June 8, 2015**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Should Hall choose not to file an amended complaint within this time period, the court will dismiss this action without further notice.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **granted**.

**IT IS ALSO ORDERED** that the plaintiff's motion for the court to order Milwaukee County Jail Facility to release certified copies of his Prisoner Trust Account Statement (ECF Nos. 6) is **denied**.

**IT IS FURTHER ORDERED** that on or before **Monday, June 8, 2015**, the plaintiff may file an amended complaint curing the defects in the original complaint as described herein.

**IT IS ALSO ORDERED** that the Dodge County Sheriff or his designee shall collect from the plaintiff's prison trust account the $347.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount

equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Dodge County Sheriff.

**IT IS ALSO ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in

orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 8th day of May, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge